***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Rowell.
 *********** EVIDENTIARY MATTERS
On or about February 19, 2010, Plaintiff filed with the Industrial Commission a Motion to Present New Evidence and for New Hearing. Pursuant to N.C.I.C. Rules T306 and T307, and in the discretion of the Full Commission, Plaintiff's Motion to Present New Evidence and for New Hearing is DENIED.
 *********** *Page 2 
At the hearing before the Deputy Commissioner, the following were admitted into evidence as:
 EXHIBITS a. Stipulated Exhibit #1: Administrative Remedy Documentation; Correspondence Written by Employees/Officers of Defendant; Plaintiff's Work Release Fund Statements.
 b. Plaintiff's Exhibit #1: Correspondence Written by Plaintiff; Subpoenas Attached to Plaintiff's Tort Claim Affidavit.
 c. Defendant's Exhibit #1: Handwritten Note Dated December 21, 2005.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At all times relevant to his tort claim Plaintiff has been incarcerated as a prison inmate in the custody and control of Defendant North Carolina Department of Correction.
2. Plaintiff testified at trial that, over the course of several months during the year 2006, $800.00 was improperly deducted from his work release account and rendered as payment to Ms. Linda Outler. According to Plaintiff, the employees of Defendant responsible for the improper deductions included a man identified as Mr. Eddins, who was worked at Defendant's work release office in Raleigh, North Carolina.
3. Although Plaintiff testified that he never authorized more than two payments of $200.00 to be made to Ms. Outler, those made in January and February of 2006, his testimony is not credible. Rather the evidence shows that in December 2005, Plaintiff had submitted a *Page 3 
written request to the work release office requesting that $1,000.00 be paid to Ms. Outler, at the rate of $200.00 per month, beginning in January 2006.
4. Plaintiff was taken off work release on or around February 27, 2006. However, he did not realize the $200.00 monthly payments were still being sent to Ms. Outler until sometime in June 2006. Plaintiff testified that the $800.00 improperly debited from his work release account spans the months of March through June 2006, such that no further deductions were made after this time.
5. Plaintiff's testimony regarding the nature of his relationship to Ms. Outler and the reason for his owing $1,000.00 to her was inconsistent and this testimony is given little to no weight. The Full Commission finds that the result of the payment of money from Plaintiff's account to Ms. Outler was the satisfaction of a debt to the benefit of Plaintiff himself. Moreover, to whatever extent Ms. Outler was not entitled to the payment of this amount, whether in whole or in part, Plaintiff has admittedly failed to take any action, informally or otherwise, to obtain a refund of this money from Ms. Outler directly.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id. *Page 4 
2. Plaintiff has failed to meet his burden of proving, by a preponderance of the evidence, any negligence on the part of an employee or officer of Defendant. Thus, he is not entitled to recover under the Tort Claims Act, and his tort claim is subject to dismissal with prejudice. N.C. Gen. Stat. § 143-291 et seq.
3. Moreover, even assuming arguendo that an employee of Defendant breached any duty of care owed to Plaintiff, the failure of Plaintiff not only to pay closer attention to his finances or to take reasonable steps to have the money returned to him would constitute contributory negligence. As such, Plaintiff is barred from recovery under the Act. N.C. Gen. Stat. § 143-291 etseq.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is hereby DISMISSED WITH PREJUDICE.
2. Each side shall bear their own costs.
This the 9th day of September, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_____________ STACI T. MEYER COMMISSIONER
 S/_______________ BERNADINE S. BALLANCE COMMISSIONER *Page 1